# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| ANDREW and CASSANDRA PORTERFIELD, ) ) Plaintiffs, ) v. ) ) DANBY PRODUCTS INC.; DANBY ) PRODUCTS LIMITED; NEW WIDETECH ) INDUSTRIES CO., LTD.; LOVE STAR ) INDUSTRIAL CO.; ESSICK AIR ) PRODUCTS, INC.; JOHN DOE ) MANUFACTURER; LF, LLC; and LOWE'S ) HOME CENTERS, LLC ) ) Defendants. ) | Case No. 6:21-cv-03114 |

**DEFENDANTS NEW WIDETECH INDUSTRIES CO., LTD; DANBY PRODUCTS, INC.; LF, LLC; AND LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL**

Defendants New Widetech Industries Co. , LTD ("New "Widetech"); Danby Products, Inc. ("Danby"); LF, LLC; and Lowe's Home Centers, LLC ("Lowe's") (collectively "Defendants") with full reservation of all defenses, objections, and exceptions, including but not limited to service, jurisdiction, venue, and statute of limitations, removes the above-captioned matter from the Circuit Court of Cedar County, Missouri at Stockton, to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Defendants state the following:

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

1. On August 5, 2020 an action was commenced in the Circuit Court of Cedar County, Missouri, entitled *Andrew and Cassandra Porterfield v. Danby Products, Inc.; Danby Products Limited; New Widetech Industries Co., Ltd.; Kaiping New Widetech Electric Co., Ltd; Love Star Industrial Co.; Essick Air Products, Inc.; John Doe Manufacturer; LF, LLF; and Lowe's Home*

*Centers,* LLC, with assigned Case Number 20CD-CV00313.

2. As required by 28 U.S.C. § 1446(a), a complete copy of all records and proceedings from the Circuit Court of Cedar County, Missouri at Stockton, are attached as Exhibit A.

3. On April 14, 2021, Plaintiffs served a copy of the Petition for Wrongful Death on Defendant Danby by personal service on its registered agent for service of process in Missouri. Defendant Danby has not yet answered Plaintiffs' Petition.

4. On April 14, 2021, Plaintiffs served a copy of the Petition for Wrongful Death on Defendant Lowe's by personal service on its registered agent for service of process in Missouri. Defendant Lowes has not yet answered Plaintiffs' Petition.

5. Service appears to have been made on Defendant LF, LLC on April 14, 2021. Upon information and belief, such service attempts on LF, LLC were ineffective. Defendant LF, LLC has not yet answered Plaintiffs' Petition. Defendant LF, LLC joins in this removal without waiving its rights regarding Plaintiffs' ineffective service.

6. On April 14, 2021, counsel for Defendant New Widetech agreed to execute an acknowledgment of receipt of service for New Widetech in exchange for Plaintiffs dismissing Defendants Kaiping New Widetech Industries Co., Ltd. And Love Star Industrial Co. without prejudice. A copy of the email confirming this agreement is as Exhibit B. Defendant New Widetech has not yet answered Plaintiff's Petition. Defendants Kaiping New Widetech Industries Co., Ltd. And Love Star Industrial Co. have not been served in the state action.

7. On May 3, 2021, Plaintiffs agreed to dismiss Defendant Danby Products Limited without prejudice on the representations that Danby Products did not sell the product at issue in this case. Copies of the email correspondence confirming this agreement are attached as Exhibit C. Accordingly, Defendant Danby Products Limited has not been served in the state action.

8. Upon information and belief, Plaintiffs have not yet served Defendant Essick Air Products, Inc. with a copy of Plaintiffs' Petition.

9. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a) as it is the United States District Court embracing the Circuit Court of Cedar County, Missouri, where Plaintiffs' Petition is currently pending. *See* 28 U.S.C. § 96.

10. Without waiving any objection to service, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), because the same has been filed within thirty (30) days of service on Defendants.

11. Pursuant to 28 U.S.C. § 1446(d), Defendants filed written notice of this removal with the Clerk of the Circuit Court of Cedar County, Missouri at Stockton, where Plaintiffs's Petition is currently pending. A copy of this Notice of Removal and the written notice of the same have been served upon Plaintiff.

**COMPLETE DIVERSITY OF CITIZENSHIP EXISTS**

12. Upon information and belief, Plaintiffs Andrew and Cassandra Porterfield reside in and are citizens of the State of Missouri.

13. Defendant Danby is a corporation formed in 1992 under the laws of Delaware. Danby has its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant Danby is a citizen of Delaware and Ohio.

14. Defendant New Widetech is a limited company formed in 1985 under the laws of Taiwan. New Widetech has four (4) members: Chiu Ming Tsun, Huang Shi Ting, Chiu Chun Jui, and Chiu Lin Lin. All members reside in and are citizens of Taiwan. Pursuant to *GMAC Commer. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding that an LLC's citizenship for purposes of diversity jurisdiction is the citizenship of its members), Defendant New

Widetech is a citizen of Taiwan.

15. Defendant John Doe Manufacturer is a fictitiously named defendant. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of John Doe Manufacturer is disregarded in determining whether a civil action is removable on the basis of the jurisdiction under 28 U.S.C. § 1332(a).

16. Defendant LF, LLC is a limited liability company formed in 1989 under the laws of Delaware. The sole member of Defendant LF, LLC is Defendant Lowe's, who, as explained immediately below, is a citizen of North Carolina. Pursuant to *GMAC Commer. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding that an LLC's citizenship for purposes of diversity jurisdiction is the citizenship of its members), LF, LLC is a citizen of North Carolina.

17. Defendant Lowe's is a limited liability company formed in 1958 under the laws of North Carolina. The sole member of Defendant Lowe's is Lowe's Companies, Inc., which is a corporation formed in 1952 under the laws of North Carolina. Lowe's Companies, Inc. is headquartered in and has its principal place of business in North Carolina. Pursuant to *GMAC Commer. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding that an LLC's citizenship for purposes of diversity jurisdiction is the citizenship of its members), Lowe's is a citizen of North Carolina.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

18. Where a plaintiff has not specified a specific amount of damages in his state court petition, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Miller v. CEVA Logistics*, 2008 U.S. Dist. LEXIS 2116, *2 (W.D. Mo. 2008) (quoting *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003)). Plaintiff may only defeat removal by showing "to a legal certainty that recovery

4

cannot exceed $75,000." *Miller*, 2008 U.S. Dist. LEXIS, at *3 (emphasis added).

19. To meet its burden of proof, a defendant seeking removal must present specific facts or evidence, which may include "an extensive list of serious and disabling injuries suffered by the plaintiff." *Id*.

20. Plaintiffs Petition alleges in part that Defendants are responsible for the wrongful death of their 2-year-old son. *See* Exhibit A, Petition for Wrongful Death at ¶¶ 28 and 42.

21. The only expression in the complaint of the amount of damages being sought by Plaintiffs is an assertion at paragraph 20 that damages "are in excess of $25,000." See Exhibit A, ¶ 20.

22. Removal will be upheld if the court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B).

23. Plaintiffs allege that, at the time of the incident, the deceased was a "healthy, active, able-bodied 2-year-old boy and was actively participating in family affairs." See Exhibit A, ¶¶ 28 and 42. Plaintiffs seek damages that the deceased "could have recovered against Defendants had he not died." See Exhibit A, ¶¶ 32 and 46. Plaintiffs also seek "fair and reasonable damages and for his personal injuries and damage suffered after the aforesaid occurrence and prior to his death, along with all other damages allowed pursuant to Missouri law." See Exhibit A, ¶¶ 33 and 47.

24. Being claims for the wrongful death of a "healthy, active, able-bodied" minor, the extent of the amount in controversy here will most certainly exceed $75,000.

25. Venue is proper in the Western District of Missouri as the incident set forth in the Petition occurred in Cedar County. *See* Exhibit A, Plaintiffs' Petition ¶ 15.

26. Furthermore, pursuant to subsection (b) of Local Rule 3.2, venue is proper in the Southern Division as none of the Defendants are residents of the District and the claim of relief

arose in Cedar County, one of the counties that comprise the Southern Division.

WHEREFORE, for the foregoing reasons, Defendants remove this action from the Circuit Court of Jackson County, Missouri at Independence, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated May 6, 2021                          Respectfully submitted,

BAKER STERCHI COWDEN & RICE LLC

*/s/ Michael C. McMullen*
Michael C. McMullen    MO# 33211
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone 816.471.2121
Facsimile 816.472.0288
Email: mmcmullen@bscr-law.com

ATTORNEYS FOR DEFENDANTS
NEW WIDETECH INDUSTRIES CO., LTD;
DANBY PRODUCTS INC.; LF, LLC; AND
LOWE'S HOME CENTERS, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of May, 2020, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and a copy was sent by U.S. Mail, postage prepaid, to the following:

Randy J. Reichard, Esq.
B. Jacob Haskins
LOWTHER JOHNSON ATTORNEYS AT LAW, LLC
901 St. Louis Street, 20th Floor
Springfield, MO 65806
rreichard@lowtherjohnson.com
bhaskins@lowtherjohnson.com
ATTORNEYS FOR PLAINTIFFS

Kory D. Stubblefield, Esq.
STUBBLEFIELD LAW, LLC
1903 E. Battlefield Road
Springfield, MO 65804
kory@stubblefieldlawoffice.com
ATTORNEY FOR PLAINTIFFS

                                            */s/ Michael C. McMullen*